UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NALDA DURAN | Case Number |
| Plaintiff, | |
| vs. | CIVIL COMPLAINT |
| NCO FINANCIAL SYSTEMS, INC. | JURY TRIAL DEMANDED |
| Defendant | |

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff, Nalda Duran, by and through her undersigned counsel, Bruce Warren of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Nalda Duran, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business in the State of New Jersey and Plaintiff resides in this District.

III. **PARTIES**

4. Plaintiff, Nalda Duran, is an adult natural person residing at 222 Madison Avenue, Apartment 2, Paterson, NJ 07524.

5. Defendant, NCO Financial Systems, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of New Jersey with its principal place of business located at 507 Prudential Road, Horsham, PA 19044.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

IV. **FACTUAL ALLEGATIONS**

7. In or around April 2008, Defendant began a barrage of harassing and abusive communications to Plaintiff and third parties regarding an alleged debt owed to Sallie Mae.

8. During 2008, Plaintiff was recovering from surgery and radiation treatment due to breast cancer. In May 2008, while Plaintiff was unavailable due to treatments, Defendant's agents disclosed details regarding the alleged debt to Plaintiff's mother, Maria Duran and sister, Jianna Duran.

9. Defendant's agent asked Jianna Duran if she was Plaintiff. Ms. Duran informed Defendant's agent that she was not. Defendant's agent accused Ms. Duran of lying to cover up her true identity.

10. Defendant's Spanish speaking agent told Plaintiff's mother, Maria Duran that Plaintiff must contact Defendant immediately due to an urgent matter. The agent did not state what agency he was calling from. Mrs. Duran, being concerned for her daughter's physical health, asked Defendant's agent if Plaintiff was okay. Defendant's agent told Mrs. Duran, "No, she owes us money." Defendant's agent went on to state that it was in Plaintiff's best interest to pay the debt back sooner than later.

11. Defendant's agent, Joe Howell left numerous messages. The messages only gave his first name and an 800 number.

12. On October 8, 2008, Defendant's agent, Joe Howell told Plaintiff that Defendant was going to sue both Plaintiff and Plaintiff's brother, who was a co-signer for the alleged debt. Mr. Howell gave Plaintiff one week to come up with the full balance.

13. Plaintiff expressed inability to comply due to her illness and subsequent treatment

14. Defendant's agent, Joe Howell began to read information from Plaintiff's brother's credit report to Plaintiff. He revealed that Plaintiff's brother had a mortgage payment of $1900.00 per month. Mr. Howell demanded Plaintiff get the money from her brother.

15. Defendant has not sued Plaintiff in regard to the alleged debt.

16. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

17. The Defendant acted in a false, deceptive, misleading and unfair manner when they, without permission from the Plaintiff, communicated with persons other than the Plaintiff that the Plaintiff owes a debt and made such communications on multiple occasions.

18. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

19. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendant herein.

20. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

21.  As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT 1 - FDCPA

22.  The above paragraphs are hereby incorporated herein by reference.

23.  At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" defined by 15 U.S.C. § 1692a(5).

24.  The foregoing acts and omissions constitute violations of the FDCPA, including, but not limited to, violations of §§ 1692b(1), b(2), b(3), c(a)(1), c(b), d, d(5), d(6), e, e(2), e(5), e(10), e(11) and f.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant, NCO Financial Systems, Inc. for the following:

  a.  Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act.
  b.  Actual damages;
  c.  Statutory damages pursuant to 15 U.S.C. § 1692k;
  d.  Reasonable attorney's fees and litigation expenses, plus costs of suit;
  e.  Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

WARREN & VULLINGS, LLP

Date: December 19, 2008      BY:   /s/Bruce K. Warren
Bruce K. Warren, Esq.
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff